## William Miles, plaintiff in error *against* Rempublicam.

A writ of error in a criminal case is *ex gratia*, but it will not lie until final judgment entered.

WRIT of error to the Quarter Sessions of Erie county.

It appeared by the record, that Miles had been indicted for a misdemeanour, in spiriting away a witness on the part of the commonwealth, in a criminal prosecution.

To this he pleaded *auterfoits acquit* specially ; viz., that a previous indictment for the same offence, had been found against him at a former session, to wit, in May sessions 1804, to which he pleaded not guilty in February sessions 1805, and was then *put upon his trial; that after the commonwealth had given testimony to the jury, the attorney general moved the court that the jury should be discharged, to which Miles gave no consent, and that the same indictment was afterwards quashed.   He further averred, that the offence in both indictments was the same, and not different ; and this he was ready to verify, and prayed judgment that he might be dismissed therefrom. [*320

The attorney general replied, that Miles was guilty ; for that the second indictment was not for the same offence, and that the first indictment was bad in law.

No issues were joined either in law or fact ; but on this state of the pleadings, the sessions on argument determined, that Miles should go on to trial upon the charge in the second indictment.   He was tried thereon and convicted, but no judgment was rendered thereon at any time by the sessions.

Mr. Ross, for the plaintiff in error stated to the court two propositions, which he meant to establish.   1. That the discharge of the jury on the first indictment, without the consent of the party charged, amounted in law to an acquittal.   2. That the plea in bar to the second indictment, had been tried improperly.

But the court observed, that they did not see how they could determine on this record, no final judgment having been given thereon by the sessions, and directed that the matter should be discussed in the first instance.

[Miles, in Error, *v.* Rempublicam.]

Mr. A. W. Foster, in behalf of the prosecution, expressed his willingness to agree to any arrangement, which might bring the legal questions before this court ; that a mistake as to a mere date had rendered the first indictment vicious and repugnant, which had produced the necessity of discharging the jury thereon. The court persisted in the remark, that the record must be regularly before them, before they could proceed on the writ of error.

On the day following, Mr. Ross admitted, that generally in civil cases, error would not lie before final judgment rendered. The judgment must be given before the day of the return of the writ of error. 2 Bac. Ab. Error C. 466. Old edit. 199. Although it is usually sued out, before the signing of judgment; because otherwise execution would issue instantly. 1 Term Rep. 280. *Per* BULLER, J. But criminal cases must necessarily form an exception to this rule. Because the party might be imprisoned, or undergo other corporal punishment, in the mean time, *before the errors could be examined into. In the present instance, there has been palpable injustice, by the court's invading the province of the jury. Issues in abatement must separately be tried by the jury. Leach's Cro. Cas. 138. Roche's case. All errors in the proceedings in a criminal case, are examinable into. 3 Comy. 635. If the decision on the plea in bar had been in favour of Miles, it would certainly have been final. But it is objected, that he is remediless, after what he has already suffered, until he receives a further injury ! Even where one has been indicted for a capital offence, and died after an exigent awarded, and before attainder, it has been adjudged, that a writ of error lies by his administrators, although the principal judgment was never given ; because by the award of the exigent, his goods and chattels were forfeited. 11 Co. 41, a.

BY THE COURT. Indictments cannot be removed by *certiorari* or writ of error, unless such writs have been specially allowed by a justice of the Supreme Court, or have been sued out with the consent of the attorney general. 3 St. Laws, 94, § 7. Such removals are said to be *ex gratia,* not *ex merito justitiæ.* All our books shew that final judgment must be first rendered, before the cause can be carried into a superior tribunal by writ of error. 11 Co. 39, a. b. 6 East. 336. The inferior court may rectify any errors they have committed, and do the party full and complete justice. It would be futile in us, to proceed in the consideration of errors, where the final judgment may not be complained against by any one.

The writ of error prosecuted by the administrators of the party indicted, cited 11 Co. 41, a. forms an exception to the general rule, from the peculiar circumstances of the case. There the party indicted died after the award of the exigent, and no judgment could be rendered against him. But his administrators were damnified thereby, and therefore might well maintain error.

The present writ of error must be dismissed.

The like decision was given in another case, wherein William Kerr and others prosecuted a writ of error against the commonwealth, to the Quarter Sessions of Erie county.